UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. SHAFER, | No. 2:13-cv-0439 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On October 15, 2009, and November 17, 2009, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on March 1, 2007. (Transcript ("Tr.") at 23, 122-34.) Plaintiff's applications were denied initially and upon reconsideration. (Id. at 72-85.)

/////

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on August 3, 2011.  (Id. at 38-63.)  Plaintiff was represented by counsel and testified at that hearing.  (Id. at 38-39.)  In a decision issued on August 26, 2011, the ALJ found that plaintiff was not disabled.  (Id. at 33.)

The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since March 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: emphysema/chronic obstructive pulmonary disorder (COPD), bipolar affective disorder, anxiety disorder, personality disorder, and alcohol abuse in remission (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant should avoid pulmonary irritants and mentally, he can perform simple routine tasks that does not require frequent public or fellow employee contact.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on September 3, 1967 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in

>   significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>   11. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 25-33.)

On October 5, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 5-7.) On January 29, 2013, the Appeals Council granted plaintiff's request for an extension of time to file a civil action for judicial review. (Id. at 1.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 5, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

>   Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

3

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion for summary judgment plaintiff's sole argument is that the Commissioner failed to sustain her burden at step five of the sequential evaluation. Specifically, plaintiff argues that the ALJ erred by relying on the Medical-Vocational Guidelines to find that plaintiff was not disabled. (Pl.'s MSJ (Dkt. No. 14) at 8-11.[1]) In this regard, plaintiff argues that his non-exertional limitations, specifically being limited to routine tasks that did not require frequent public or fellow employee contact and that he avoid pulmonary irritants, required the ALJ to obtain testimony from a Vocational Expert. (Id. at 10.)

At step five of the sequential evaluation, then ALJ can meet her burden by either taking the testimony of a vocational expert or by referring to the Medical-Vocational Guidelines. See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006). The Medical-Vocational Guidelines ("the grids") are an administrative tool, in table form, used to resolve individual claims that fall into standardized patterns. The grids categorize jobs by their physical-exertional

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

requirements (e.g., sedentary, light, and medium) and present various combinations of factors the ALJ must consider in determining the availability of work that the claimant can perform. See 20 C.F.R. pt. 404, subpt. P, App. 2. See generally Desrosiers v. Sec. of Health and Human Services, 846 F.2d 573, 577-78 (9th Cir. 1988). The factors include the claimant's Residual Functional Capacity, age, education, and work experience. 20 C.F.R. pt. 404, subpt. P, App. 2. For each combination, the grids direct a finding of either "disabled" or "not disabled." Id.

"[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985). See also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983). However, the ALJ may rely on the grids even when a claimant has both exertional and non-exertional limitations, if the non-exertional limitations are not so significant as to impact the claimant's exertional capabilities.[2] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir.1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids."); Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids). The grids are inapplicable and a vocational expert is necessary only "[w]hen a claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations." Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988).

"[S]atisfaction of the step-two threshold requirement that a claimant prove her limitations are severe is not dispositive of the step-five determination of whether the non-exertional limitations are sufficiently severe such as to invalidate the ALJ's exclusive use of the grids without the assistance of a vocational expert." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir.

---

[2] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b) (2003); SSR 83-10, 1983 WL 31251, at *5. Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a(c) (2003); SSR 83-10, 1983 WL 31251, at *6-7.

2007) ("a vocational expert is required only when there are significant and 'sufficiently severe' non-exertional limitations not accounted for in the grid."). In borderline cases, the ALJ must not apply the grids mechanically. Jones, 760 F.2d at 998.

Here, the ALJ found that plaintiff had the residual functional capacity to perform the full range of work at all exertional levels. The ALJ also found that plaintiff's ability to perform that work was limited by non-exertional limitations, specifically the limitation that he should avoid pulmonary irritants and limit his work to the performance of simple routine tasks that did not require frequent contact with the public or fellow employees. (Tr. at 27.) After applying the grids, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff could perform. (Id. at 32.)

In this regard, the ALJ stated:

> The claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. However, these limitations have little or no effect on the occupational base of unskilled work at all exertional levels. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines. Where there is no exertional impairment, unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demands of unskilled work. These jobs ordinarily involve dealing primarily with objects, rather than with data or people, and they generally provide substantial vocational opportunity for person (sic) with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis.

(Id. at 32-33.)

These findings by the ALJ were consistent with the evidence of record. In this regard, while plaintiff's medical records evidence symptoms of anxiety and depression, plaintiff's treating physician stated that plaintiff had "no identified limitations in cognitive functioning." (Id. at 28-29, 319.) With respect to plaintiff's breathing complaints, no spirometry test, chest x-ray or computed tomography scan was submitted to determine the severity of plaintiff's COPD. (Id. at 30.) Moreover, the record indicated that plaintiff was "capable of performing multiple normal daily activities," even while he was "trying to cut back on smoking to breathe better . . . ." (Id. at 30.)

Under these circumstances, the court finds that substantial evidence in the record supported the ALJ's conclusion that plaintiff's non-exertional limitations were not sufficiently severe so as to require the testimony of a vocational expert. See Donaldson v. Colvin, No. 12-CV-528S, 2013 WL 5943925, at *5 (W.D. N.Y. Nov. 5, 2013) ("The non-exertional limitation that Donaldson should avoid high concentrations of dusts, fumes, gases, and odors does not significantly erode the occupational base of sedentary work, and therefore does not trigger the duty to obtain testimony from a vocational expert."); Rocha v. Colvin, No. CV-12-3036-FVS, 2013 WL 5530540, at *9 (E.D. Wash. Oct. 7, 2013) ("Other environmental restrictions involving extreme amounts of dust, fumes, and poor ventilation likewise impose a minimal impact on the occupational base."); Edwards v. Commissioner of Social Sec., Dec. 17, 2012, 2012 WL 6962977, at *9 (E.D. Mich. Dec. 17, 2012) ("Because the ALJ here specifically found that Edwards could perform work at all exertional levels, this necessarily includes work at the heavy, medium, light and sedentary levels.  Even assuming for a moment that Edwards' nonexertional limitations would somehow preclude her from performing heavy or medium work (a proposition which Edwards fails to advance), the fact remains that the ALJ still found that she can perform unskilled work at both the light and sedentary levels, despite her postural and environmental limitations."); Young v. Commissioner of Social Sec., No. 2:11-cv-1283 CMK, 2012 WL 3249506, at *14 (E.D. Cal. Aug. 7, 2012) ("plaintiff's alleged illiteracy and lack of prior work experience are not significant given that plaintiff is a younger individual found capable of work at all exertional levels, and the ALJ reasonably found that limitations to simple, routine tasks and no frequent dealings with the public do not significantly erode the occupational base"); Trefcer v. Astrue, No. CIV S-11-1436 GGH, 2012 WL 2522147, at *7 (E.D. Cal. June 27, 2012) ("The Ninth Circuit has already held that moderate mental limitations do not even require vocational expert testimony."); Welsh v. Astrue, No. CV 09-6509, 2011 WL 3664998, at *6-7 (C.D. Cal. Aug. 22, 2011) ("Here, Plaintiff had non-exertional limitations limiting her to work involving simple and repetitive tasks and no exposure to pulmonary irritants . . . . The ALJ properly found that Welsh's nonexertional limitations had little impact on the occupation base of unskilled light work."); Smith v. Astrue, No. 09-CV-1072A, 2011 WL 2728403, at *5 (W.D. N.Y. July 12,

2011) ("The ALJ determined that Plaintiff should not work in 'environments with concentrated exposure to dust, fumes, and/or other pulmonary irritants' but as per the Social Security Regulation SSR 83-14, the impact of 'the broad world of work would be minimal because most job environments do not involve great . . . amounts of dust.").

## CONCLUSION

For these reasons, the court finds that plaintiff is not entitled to summary judgment in his favor with respect to the sole argument advanced in the pending motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 14) is denied;
2. Defendant's cross-motion for summary judgment (Dkt. No. 15) is granted; and
3. The decision of the Commissioner of Social Security is affirmed.

Dated: August 4, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\shafer0439.ord.docx

8